# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| DELMONTE M. WILSON, | ) | |
| Movant, | ) ) | |
| v. | ) ) | Case No. 4:16-cv-0995-DGK |
| UNITED STATES OF AMERICA, | ) ) | (Crim. No. 4:15-cr-0186-01-DGK) |
| Respondent. | ) ) | |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

Movant Delmonte M. Wilson pled guilty without a plea agreement to being a felon in possession of a firearm. Now before the Court is his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Doc. 1) on the grounds of ineffective assistance of counsel.

Because Movant's claim is without merit, the Court DENIES the motion. The Court also declines to issue a certificate of appealability.

## Background and Procedural History

On June 6, 2015, a federal grand jury returned a one-count indictment charging Movant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).

The Court appointed Movant trial counsel. Trial counsel met with Movant and explored with him his various options, including the possibility of pleading guilty. She also explained the sentencing guidelines to him. Trial counsel told Movant that she estimated the sentencing guidelines would be between 33 and 41 months.

On August 6, 2015, Movant pled guilty to the indictment without an agreement in order to preserve his right to appeal and seek a downward variance. During the change of plea hearing, Movant testified under oath in open court. He testified that he understood that everything he said must be truthful. He stated he knew that the maximum punishment was ten years, and that if he pled guilty he could be sentenced up to that maximum. The Court explained how the advisory sentencing guidelines worked, and Movant acknowledged the Court could sentence him above or below the recommended range. Movant also confirmed he was pleading guilty without a plea agreement, and that no one had made any promises or agreements to make him plead guilty.

On December 15, 2015, Movant appeared before the Court for sentencing. The presentence investigation report ("PSR") calculated Movant's base offense level at 20 pursuant to § 2K2.1(a)(4) of the sentencing guidelines because Movant committed the offense subsequent to sustaining at least one felony conviction for a crime of violence, namely two Missouri convictions for first-degree robbery he received in 2004. After calculating various other factors, the PSR determined Movant's total offense level was 19 and his criminal history category was a 4, resulting in an advisory sentencing range of 46 to 57 months. Counsel for Movant did not object to the calculation, and the Court adopted it.[1]

After granting allocution, the Court sentenced Movant to 55 months' imprisonment and a three-year term of supervised release.

Movant appealed. Trial counsel represented Movant on appeal, submitting a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Among other claims, Movant asserted that the district court erred in calculating the sentencing guidelines by assessing six criminal

---

[1] Counsel did object to a finding in the PSR that he was affiliated with a gang.

history points for his conviction on two counts of first degree robbery.  The appeal was unsuccessful.  *United States v. Wilson*, 653 F. App'x 857 (8th Cir. 2015).

Acting *pro se*, Movant timely filed the pending § 2255 motion.  On November 8, 2016, the Court sua sponte ordered the Government to file a supplemental response addressing the applicability of the Court of Appeal's decision in *United States v. Bell*, 840 F.3d 963 (8th Cir. 2016) (holding a prior Missouri conviction for second-degree robbery is not a crime of violence under the sentencing guidelines), to Movant's claim.

The Court subsequently ordered an evidentiary hearing and appointed an attorney to represent Movant.

The hearing was held on June 29, 2017.  At the hearing, Movant's trial counsel testified that she made a mistake in estimating Movant's sentencing guideline range because she omitted a municipal conviction for assault that she did not know existed.  She explained she made her estimate before she received the preliminary PSR which contained Movant's complete criminal history.  She further explained she did not object to the guidelines calculation in the PSR because they were accurate, and she did not object to the first-degree robbery convictions as crimes of violence because they were, in fact, crimes of violence under the sentencing guidelines.  She believed filing any objections to these recommendations would be frivolous.

Counsel's demeanor while testifying was that of someone who was being completely candid; she was not evasive in any way.  The Court finds her testimony to be 100% credible.

Movant then testified.  He acknowledged that trial counsel had asked about his criminal history and that he did not tell her about his municipal court convictions, specifically his assault conviction.  He also testified that he didn't know if he would have plead guilty had his attorney

correctly calculated his guideline range and he known what it was going to be. He also claimed that she promised him he would receive a sentence of between 33 and 41 months.

The Court finds Movant's testimony to be generally credible, except his claim that his attorney promised him a sentence between 33 and 41 months. The Court gives this testimony zero weight. It is not credible both because of Movant's demeanor while delivering it, and because it is contradicted by Movant's sworn testimony in open court at his change of plea hearing.

**Standard of Review**

In a proceeding brought under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

**Discussion**

In his Memorandum of Law (Doc. 2), Movant asserts he received ineffective assistance of counsel from trial/appellate counsel because she failed to make various objections related to the PSR at sentencing. These claims are without merit.

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Failure to satisfy either prong is fatal, and the court need not reach the prejudice prong if the defendant cannot show his attorney's performance was deficient. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). Trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Strategic choices made in the shadow of a lack of preparation or investigation, however, are not protected by the same presumption. *Armstrong*, 534 F.3d at 864.

**I.   Movant has failed to demonstrate counsel's performance was deficient.**

**A.   Counsel was not deficient for failing to object to Movant's receiving six criminal history points for convictions in the 2004 case.**

Movant first complains that trial/appellate counsel was ineffective for failing to object to paragraph twenty-two of the PSR which assigned six criminal history points for the felony convictions in his 2004 case. Movant previously argued on his direct appeal that the Court erred in assigning six criminal history points for these convictions, and the Court of Appeals rejected this claim. *Wilson*, 653 F. App'x at *1. Consequently, this argument is not cognizable in this proceeding. *See United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relititgated in a collateral proceeding based on 28 U.S.C. § 2255.").

**B.   Counsel was not deficient for failing to argue his first-degree robbery convictions did not qualify as crimes of violence.**

Related to this claim, Movant argues his attorney was deficient for failing to object and argue his first-degree robbery convictions do not qualify as crimes of violence under the sentencing guidelines. Movant claims that the "landscape of the definition of crimes of violence

5

was in limbo at the time of [his] sentencing hearing," and so counsel's failure to litigate whether the first-degree robbery convictions were crimes of violence was deficient.

Counsel's performance was not deficient for failing to argue that first-degree robbery does not qualify as a crime of violence. Although the law concerning what constitutes a crime of violence was in flux at the time of Movant's sentencing—the Supreme Court's opinion in *Johnson v. United States*[2] was issued on June 26, 2015, about five months before Movant's sentencing—there was no caselaw in existence then suggesting that a Missouri conviction for first-degree robbery might not be a crime of violence. Indeed, the case which eventually held that *second-degree* robbery is not a crime of violence had not even been submitted for consideration at the time of Movant's sentencing. The decision itself was not released until almost a year after Movant's sentencing. *Bell*, 840 F.3d 963 (submitted April 14, 2016; filed October 28, 2016). While the question whether a Missouri conviction for first-degree robbery qualifies as a crime of violence has now begun percolating through the judiciary, no court has ever ruled it is not a crime of violence. In fact, the two courts that have ruled on the issue have both found it does qualify. *See Brooks v. United States*, No. 16-03466-cv-ODS, 2017 WL 751443, at *2 (W.D. Mo. Feb. 27, 2017); *Bevly v. United States*, No. 16-cv-0965, 2016 WL 6893815, at *3 (E.D. Mo. Nov. 23, 2016). Thus counsel's belief in December of 2015 that first-degree robbery qualified as a crime of violence was entirely reasonable, and her performance was not deficient. *See Hutcherson v. United States*, 425 F. App'x 801, 803 (11th Cir. 2011) ("Because it was reasonable for the attorney to believe that the prior conviction was a crime of violence, his failure to object to its being treated as such did not fall outside the wide range of professionally competent counsel.").

---

[2] *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates due process).

### C. Counsel was not deficient for incorrectly estimating what the Court's sentencing guideline calculation would be.

During his hearing testimony two additional questions arose that the Court will now consider out of an abundance of caution and to aid in any appellate review.

First, Movant intimated that his attorney rendered ineffective assistance of counsel because she incorrectly estimated his sentencing guideline calculation. Incorrectly estimating a guideline sentencing range does not constitute ineffective assistance of counsel. *See U.S. v. Nesgoda*, 559 F.3d 867, 870 n.2 (8th Cir. 2009). Counsel's performance here was certainly not deficient because the reason her estimate was incorrect was she was unaware of Movant's prior municipal conviction for assault despite making reasonable attempts to learn his criminal history. As counsel explained during the hearing, the only way she could have known about this conviction was if Movant told her, which he did not, or if she had made blind inquiries to the dozens of municipal courts in this region, which was impractical. Counsel's error was not the result of any lack of preparation or investigation. It is a reality of criminal defense practice that a defense attorney's estimated guideline calculation will occasionally be incorrect because the attorney rarely has perfect knowledge of a client's criminal history before the preliminary PSR is released. Thus, counsel's performance fell within the range of a reasonably competent attorney.

Second, Movant testified during the hearing that counsel promised him that he would receive a sentence between 33 and 41 months' imprisonment, suggesting counsel rendered ineffective assistance by lying to him about the maximum possible sentence he could receive. This claim is false. Movant's testimony on this point is not credible. Movant previously testified under oath, in open court, at his change of plea hearing that he knew the Court could sentence him to up to ten years' imprisonment and that no one had made any promises about what his sentence would be. It is well-established that a defendant's "[s]olemn declarations in

open court carry a strong presumption of verity." *United States v. Green*, 521 F.3d 929, 932 (8th Cir. 2008) (alteration in original). The Court believes Movant's prior testimony from the change of plea hearing. The only thing Movant's contradictory testimony from the § 2255 hearing proves is that he has some buyer's remorse about his sentence.

Because Movant cannot show counsel's performance was deficient, his claim fails. *See Pryor*, 103 F.3d at 713.

## II. The Court declines to issue a certificate of appealability.

After carefully considering the facts and the then applicable law, the Court holds no reasonable jurist would grant this motion. Accordingly, the Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

## Conclusion

For the reasons discussed above, the motion (Doc. 1) is DENIED, and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:  July 6, 2017                                     /s/ Greg Kays
                                                        GREG KAYS, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT